UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN HAMMLER,

Plaintiff,

v.

DAVID BAUGHMAN, et al.,

Defendants.

No. 2:19-cv-0245 CKD P

ORDER and FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On March 21, 2019, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. §1915A(a). The court dismissed plaintiff's complaint with leave to amend. Plaintiff has filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his amended complaint, plaintiff complains about the manner in which grievances were processed. As plaintiff was informed in the court's last screening order, prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983. Id.

Plaintiff does maintain rights arising under the First Amendment with respect to his use of the prisoner grievance process. While not clear, it appears plaintiff alleges that his First Amendment rights were violated by defendant Lacy when he rejected a particular grievance because plaintiff referred to a lieutenant as a "pompous ass." However, plaintiff was told he could resubmit his grievance if he deleted the offensive phrase. This being the case, plaintiff suffered no injury as a result of the rejection of the first grievance.

Plaintiff also alleges that certain actions taken against him were retaliatory. But plaintiff fails to allege facts which reasonably suggest a causal connection between any adverse action and protected conduct. Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). Plaintiff's allegations of retaliation are nothing more than "naked assertions."

For these reasons, the court will recommend that plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted. Having already granted plaintiff the opportunity to amend his pleadings in order to state a claim upon which relief could

be granted, granting leave to amend a second time appears futile.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk shall assign a district judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint (ECF No. 15) be dismissed; and
2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 3, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hamm0245.dis